The next case today, number 231587, United States v. Cristal Karim Robles-Lopez. Will counsel for appellant please come up and introduce yourself on the record to begin? Good morning. My name is Assistant Federal Public Defender Maria Carolina Gomez-Gonzalez on behalf of Ms. Robles-Lopez. May I reserve two minutes for rebuttal? You may. The underlying offense in this case did not begin when Ms. Robles-Lopez arrived at the airport. Yet here, the district court impermissibly narrowed its minor role analysis and committed three legal errors. First, it did not identify the universal participants. Second, it did not identify the average participant. Third, it did not conduct a comparative analysis to determine whether Ms. Robles-Lopez was substantially less culpable than the average participant. The conspiracy and the relevant participants were clear and undisputed in the record. Yet again, the court failed to identify this universal participants, even though it was undisputed that there were at least three, if not more, other participants in addition to Ms. Robles-Lopez. First, there was the recruiter. Second, there was the organizer recruiter, the person who was giving Ms. Robles direct instructions, the person who received her personal information and made the arrangements for the travel. Counsel, you've made those arguments in your brief and they're very clear. This was not objective of the law, am I correct? There was no objection to the law? There was no objection as to the facts of the case, Your Honor, including the participants. Okay. So, isn't it a clearly erroneous standard that you applied? This is a legal error, Your Honor, because the court failed to engage in the required comparative analysis in this case. Well, my question is, was it requested below or was not? The defense did request this analysis below, Your Honor. The defense repeatedly asked... You requested the reduction, but you didn't object to the number of participants error. That's the distinction. Is that right? As I understood it?  Tell me if I'm wrong. I read your brief that there was an objection made below that your client should have qualified for a minor role reduction that was requested. Yes. But I believe the district court mentioned that there were only two other participants and there was no objection to that. Do I have that correct? Your Honor, our position is that when the government made reference to two participants, the government, it was not clear that the court was referring to them as identifying the universal participants. When the court made this statement, and we know this for three reasons, which I'll go into, but when the court made this statement, the court was essentially saying that disregarding the other people involved, what the court had to look at was Ms. Robles' conduct in the actual airport. And we know that this was not the same as identifying the universal participants for... Because first, as I mentioned, it was... But counsel below did not bring the argument that there's... When the judge said there's two other participants below, counsel did not say, well, there's a universe of other participants, let's look at the whole bigger picture. That was not done below, correct? Well, Your Honor, the court sustained the government's objection without asking for the defense's position. But when the defense responded to the court's reference, the court argued that the conduct to look at was broader. It was not just the offense in the... It was not just the conduct at the airport. And again, when the court made the reference to the two participants, the court, first of all, again, only referenced two when we know there were at least three, if not more. And also the court referred to them as recruiters, which is actually not the correct description of their roles. Because again, we know that there was somebody who picked up Ms. Robles, her custodian transporter picked her up, took her to, at the time, an unknown location, placed her in the apartment, kept watch over her until it was time to take her to the airport with the luggage already packed with the drugs in the car. The transporter custodian was the person who provided her the instructions as to not going through the agricultural inspection. So again, when the court made this reference, the court stated, well, disregarding these two people, but the court was not engaging in the comparative analysis at that point. Counsel, don't you make a legal error argument here when you emphasize that the district court emphasized in reaching a sentencing decision and says, well, she chose to do this. She volunteered to do that, and that's held against her. And I think you point out that's an implausible sentencing rationale, because if that matters, then the minor participant reduction would never be available, because obviously people who engage in this kind of conduct, they volunteer to do it, I guess almost always. So from your point of view, isn't that a legal error? Not clear error. That's a legal error. Aren't you arguing that? Yes, Your Honor. That's a legal error, because that's not the correct analysis. It is a necessary part of somebody pleading guilty to accept that they chose to commit the offense. But here, there is extensive guidance for the court as to when to apply the mitigating role analysis. That guidance points the court to conduct a culpability analysis, placing the most responsible person at the end of the continuum, and then the least responsible at the other end, identifying the average participant, and then placing, in this case, Ms. Robles on that continuum. Okay. Let me also ask you, with that in mind, isn't it the burden of the defendant to convince the court to apply these role reductions to you? Yes. Yes, Your Honor. And it's our position that- How did you comply with that burden? Yes. So firstly, when the probation conducted their pre-sentence investigation report, they found that Ms. Robles had no decision-making, did not plan or organize the offense, and gave her the reduction. When the government opposed, the defense responded to that opposition. Going through the factors, they specifically had- The defense had a section titled, Substantially Less Culpable Than the Average Participant. And there, the defense went through a detailed analysis. And that was after identifying and listing the other participants to advise the courts to the universal participants. Now, this was undisputed in terms of the facts. And it wasn't just the pre-sentence investigation that corroborated Ms. Robles' story. There was video footage that the agents reviewed, and that corroborated the existence of these other people. They were very real people. So the defense pointed all of this in their response, but the defense also pointed this out at the sentencing hearing. First, by addressing the court's analysis on Arias Mercedes, pointing to the fact that that case asks the court to look and to compare the conduct of the other participants. And that that case was not about excluding the other people involved, but rather looking at the offense. And in this case, it's a conspiracy offense. So looking at what we know, what's undisputed, and seeing all the other people's actions. Counsel, before you're done, I'd like, it seems to me you're, and opposing counsel will have to address this too. It seems to me that you're arguing that there are two other legal errors as well. Because the court emphasized that the role that your client played was indispensable. Well, that's true. There had to be somebody that would transport the drugs. The guideline commentary indicates that just because somebody performs an essential or indispensable role, that's not determinative. The district court also emphasized, well, she got paid, she got paid $1,500. The guidelines also say that if they don't have a proprietary interest in the criminal activity, then the fact that they get paid something should not be determinative either. But the district court, contrary to the guidelines, seemed to emphasize those two factors. Don't you see that? Don't you argue that as a legal error? Yes, Your Honor. Yes, we do. We do argue that. First, our position is that Ms. Robles was not indispensable. But even if she were, our argument is that that's not the correct legal standard. Well, she was for that specific. We're supposed to focus on the specific criminal activity. She was indispensable. Without her willingness to transport the drugs, it wouldn't have happened, right? Yes, but somebody can be the but-for-cause for something and still receive the minor role. And that's something that, as Your Honor mentioned, is highlighted in the guidelines. And also, this court reaffirmed that in Walker, stating that integral role is not part of the analysis. And that's something that was brought to the attention of the court in terms of the correct legal standard. So, yes, we do argue that it was legal error to deny Ms. Robles the minor role reduction on the conclusion, the court's conclusion, that she was indispensable. And again, this does not mean that every drug courier gets a minor role reduction. But in this position, and I can give Your Honors an example. I know I'm out of my time. Go ahead, go ahead. But, for example, if somebody is the owner of the drugs, is in charge of that shipment, they go with somebody else and they're a drug courier as well, that person may possibly not be eligible for the minor role reduction. Whereas here, again, at every turn, Ms. Robles was the person receiving the instructions. So again, it's our position that indispensable role does not exclude somebody from receiving the minor role reduction. Counsel, I just want to ask you one more question to follow up on what Judge Helpe originally asked. You laid out the facts very clearly in your brief. It was, you know, very, very clearly written. But I think when Judge Helpe initially started asking his questions, you did seem to conceive that there was something you did not preserve in the record. And I've just been trying to understand exactly what it is that you think was not preserved below. So if you had to just, you know, really focus in, what exactly do you agree Defense Counsel below did not raise? I'm sorry if Your Honor read that as me agreeing that defense did not preserve something. I at the beginning was trying to understand Judge Helpe's question. And when I understood it, I understood it to mean that the court had identified the universal participants as consisting of two people, which we disagree with. Our position is that when the court made reference to the two people, the court was simply saying that disregarding anybody else involved. So when the government says that certain of your arguments are subject to plain error, you disagree? Yes. Yes. Our position is that this is legal error. And there were written objections, which the defense incorporated at the very end of the sentencing hearing as well. And under Rule 59, we believe that we preserved everything. Okay. Thank you.  Thank you, Counsel. Will Attorney for the Appellee please come up and introduce yourself on the record? Good morning, Your Honors. And may it please the Court. Connor Winn for the United States. The District Court did not clearly err in finding that Ms. Robles played more than a minor role in the offense at issue here. And Ms. Robles' attacks on the District Court's methodology, most of which are unpreserved, lack merit. This Court should therefore affirm. I think to start picking up where Judge Rickleman was asking questions, I think it is worth sorting through what is preserved and unpreserved in this case in the government's view. Based on Ms. Robles' objections at sentencing, I think it's fair to say that she raised an objection to the bottom line result, whether or not she was entitled to the mitigating role enhancement. And then second, I think picking up on what Judge Lopez was alluding to, she raised claims that the District Court and government were misunderstanding the minor role analysis in regards to how it works when someone is indispensable and the role that obtaining a benefit can play in the legal calculus for the minor role enhancement. I think that is preserved. Everything else is unpreserved. She raised no attack on who the participants were in this case. She raised no complaints about the District Court's methodology relating to the average participant or whether or not the District Court compared Ms. Robles' culpability to those other participants in the offense. All of that is unpreserved. For what it's worth, as to the comparison point, I think the District Court did in fact compare Ms. Robles' culpability to the other participants in this case, albeit maybe not in the level of clarity which Ms. Robles would prefer. Specifically, on page 49 of the appendix, it notes two other participants and then dives into a discussion of Ms. Robles' role in the offense. That's an implicit comparison of her role against theirs. Counsel, can I ask you though, because as your opposing counsel pointed out, the facts weren't objected to by either side and they seem pretty clear that there were at least three other participants or maybe four because it's not exactly clear who the person is who drove her. So when the District Court referred to two other participants, I mean, isn't that plainly incorrect given the facts that everybody had agreed to? And maybe it was a slip of the tongue, but it seems plainly incorrect. If the District Court had confined its understanding of the universe of participants to just those two people, I think that that might be right. But I don't think that there's any reason to believe it did. It noted that there were two recruiters in the offense, but then shortly thereafter in the ongoing discussion where Ms. Robles' counsel is objecting related to the District Court's analysis, she also notes the third other participant in the case. She does that on page 53 of the appendix and the government notes the full universe of participants here. In addition, the District Court confirms that it has reviewed the party's sentencing memorandum. Ms. Robles' specifically lays out the other three participants. I don't think that I would take the District Court's phrasing there to suggest that it didn't recognize the full universe of participants. Let me ask you, counsel. Isn't it obvious in these type of cases, again, the District Court may have identified these participants who weren't involved, but isn't there a bigger universe of participants because the drug doesn't come here? There's somebody who owns it, somebody who sells it, somebody who's going to receive it. It's a bigger chain. She's a small fish in a big pond. Shouldn't the District Court consider that also? I think the District Court has discretion in defining the contours of the offense here and then that discretion is reviewed for clear air. RAS Mercedes makes clear that the District Court can properly confine its minor role analysis to the instant shipment of drugs at issue in a case. Here, that would be the shipment of drugs that Ms. Robles was taking through the airport from San Juan to Newark and the three other individuals involved. So what you're saying is the District Court's discretion whether to consider on that RAS Mercedes that small universe of participants that are more known, but the District Court could have also expanded the universe to other participants along the chain of supply and purchase, correct? I think RAS Mercedes leaves open that a District Court could do that. I'm not aware of this Court ever specifically saying whether or not that is certainly permissible, but I don't think it's foreclosed by this Court's precedent. Let's just assume we are just looking at this one shipment, which is what you argued. I think it's been called the single shipment rule or something to that effect. There were four participants and I appreciate what you're saying about the District Court was aware of that. I am struggling to see how she wouldn't be one of the minor participants out of the four given that one person was a recruiter. Seems to be a greater role when you're recruiting multiple people and then the other two people from what we can understand from the facts are the organizers of that entire sequence of events. So they're making sure that there's somebody to bring the suitcases to the airport, that there's probably somebody on the other side. They're arranging everything. I mean, how is she not the most minor person? Just again, just looking at this practically from a common sense perspective. Who is more minor than she is? Because we have to do a relative analysis, as you know. So a couple of points here. In fact, three specifically. First, I think that the exact roles of these individuals, the labels recruiter and organizer sound very significant. But when you look at the actual PSRs, what these individuals did, it's somewhat nebulous as to exactly what the roles were. I think the first person that is noted, Roman Sanchez, put Ms. Robles in contact with the other two people and maybe had a hand in some travel arrangements, but a fairly minor one. The next individual, Crespo, made travel arrangements. The third individual, Ortiz, was in contact with Ms. Robles through a WhatsApp group. And there's evidence in the record, and I think this is probably the correct view from what the district court found, was likely the person who took Ms. Robles to the airport and carried the drugs. He seems to have greater culpability than the other two recruiters who maybe made some travel arrangements. But I think when you're looking at travel arrangements and introductions versus Ms. Robles' role here, which is taking the drugs from one place to another in a significant quantity, I mean, and this gets to the second point, I suppose. Thank you, Judge Rickleman. With all due respect, it seems to me you're now doing, in response to Judge Rickleman's question, what you do in your briefing. And defense counsel really calls the government out on this. It seems to me that on appeal, you are trying to substantially rewrite the record that was set below in characterizing her role. I mean, you refer to her as the principal player, the star of the show. That's completely at odds with the record below and how you treated the record below. And somehow to suggest that these other four people involved were not even participants, that on her own initiative she might have made the travel arrangements, on her own initiative she might have been planning to distribute the drugs. That does seem to me to be a complete rewriting of the record below. And frankly, I find that very troubling. Judge Lopez, I'm not trying to suggest that Ms. Robles would have distributed these drugs on her own initiative. I think what I'm trying to signal here and what I was about to make the point to Judge Rickleman here is that culpability in these sorts of cases are to some extent within the eye of the beholder. And to be perfectly clear, I think that the district court in this case would not have clearly erred if it had granted Ms. Robles a minor role adjustment. I think this is a case that could have gone either way. And these sorts of – Well, counsel, the suggestion that she may have been responsible for her own travel arrangements, the record indicates she never had been outside of Puerto Rico. She had never been on a plane before. To suggest that she somehow independently, on her own, in order to further this crime, had handled the travel arrangements herself, that just seems implausible. And that's not my suggestion. I'm not suggesting she did that. In fact, I agree with you. The record shows that Ms. Crespo appears to have played – to predominantly made the travel arrangements. I do think Ms. Robles had a hand in correcting some travel arrangements on the day of the proposed shipment. But I don't want to disclaim any suggestion that she – Let me also – you just mentioned, and I think this is really crucial because it goes to some of the questions I asked. You said, Judge, this could go either way. It's a very close call. If it could go either way, shouldn't, kind of like a rule on any type of analysis, we favor the defendant on the guideline? No, Your Honor, and that's for two reasons. Number one, a rule of lenity goes to the construction of a legal statute. That's not what we're dealing with here. We're dealing with – I'm not saying the rule of lenity per se, but a similar principle shouldn't – when it's that close. Well, and that gets to my second point. It could go either way. It's not by – to apply the enhancement, it has to be by a preponderance. Right. And if it's that either way, that doesn't – that means there's no preponderance. Well, that gets to my second point here, which is that defendants carry the burden to prove that they merit a minor role reduction of this kind. So if we're in equipoise, that means that the defendant has failed to carry her burden and the district court rightly refused the mitigating role enhancement. Counsel, what about you acknowledge that two legal errors, the defense counsel's argument, they were preserved, and those are legal errors in the way in which the court arguably disregarded the guideline statements that just because somebody played an indispensable role, that's not determinative. Just because they get paid, that's not determinative unless they have a proprietary interest. How do you deal with what appear to be legal errors in the district court's analysis? I agree with you that if the district court had used either one of those factors as a per se bar to Ms. Robles' entitlement to the minor role enhancement, that would constitute legal error. But that's not what the district court did here. It looked at her key role in the offense. It looked at the fact that she was also being paid, and it looked at the fact that she was trusted to carry out this duty. Those three factors in combination are enough for a district court to deny someone a minor role enhancement, even if any one of them on its own is not under the guidelines commentary. So I think that's the point. It would be legal error if any one of those things had been the basis for denying the enhancement, for denying the adjustment, but all three in combination, that is permissible under the guidelines. Counsel, let me also ask, because all the jurisprudence from the circuit, if I'm not mistaken, where this issue comes up, it's a defense appeal because the district court has denied the minus two, minus three, or minus four for minor or minimal or in between. But there's a huge universe of cases where it has been granted by district judges, including myself in the past, and that is never appealed by the government. And there's also cases where the government also has agreed, I don't want to say the exact same facts, but to the minus two or minus three or minus four, and again, I'm sure you don't have the statistics, but I would assume it's a pretty big number when we're in similar cases in an airport, the person who's actually carrying the luggage, the bags, does get the minus two, minus three, or minus four. So isn't that also something that should have been factored in by the district court in looking at all the universe of similarly situated defendants in this district? No, Your Honor. In fact, when the Sentencing Commission most recently amended this guideline, it specifically removed a requirement that district courts consider how the defendant at issue in this case's culpability compares to that of kind of the mine run of defendants in similar cases. Now this analysis is entirely case-specific and mired in the facts. And as to kind of your broader point, that defendants in Ms. Robles' position in the past may have received such an enhanced I can, you know, you ask your office, I'm sure they're going to say, yeah, there's many, probably 90-something percent who do get that, you know, I won't say the exact number, but it's a big percentage who get that reduction. Right, and the fact that defendants have received it, I don't think precludes district courts from denying it and this court from affirming those decisions under the clear And that goes to what you said, it's a discretionary decision. At the end of the day, these are judgment calls for the district court to make and then it's this court's role to decide whether or not that judgment was clear. Any further questions? Okay, rebuttal, thank you. Thank you, Your Honors. Thank you, Counsel, Attorney Gomez-Gonzalez. You have a two-minute rebuttal. And before your two minutes start running, if you could maybe want to address my last question to counsel. And he said the district judge who's sentencing can't be considering all the other, you know, not its findings, but can't consider that universe of other folks who got it. And I'm sure in your office you have hundreds of defendants who get the minus two, minus three, or minus four even better. Yes, Your Honors. Oh, AFP Maria Carolina Gomez on behalf of Ms. Robles again. Your Honor, we have been seeing that, you know, our defendants often do not get the minor rule. And even though, even in cases such as this one where there are identified undisputed participants. Those are the cases you appeal, but the ones you get it, of course, you don't appeal. So there are probably many cases that, of course, you don't appeal. Yes, well, and, you know, because this is such a fact-dependent inquiry, it is essential for the court to consider where these defendants are in relative to the offense. And in terms of thinking about how the minor rule was implemented, to not punish the smaller, less culpable participant, and instead to shift the weight of the punishment to the kingpin. And I think the district court and, you know, we should keep that in mind because the minor rule reduction is not something that erases culpability, right? The person is still being sentenced. This person is still, you know, receiving the punishment. But with the reduction, what we're asking for and what we ask the court to consider is to consider that, yes, in the big picture, the reduction was implemented to go toward just punishment, right? To go toward the person who is the minor participant, somebody like Ms. Robles, who, you know, lost her job, was a victim of a lot of abuse, and this was throughout the record, and who was susceptible to commit this offense. And that doesn't take away from her responsibility, but it places her, again, at the end of the spectrum. Counsel, in the district court did grant a nine-month downward variance. Isn't that correct? Yes. So it does seem that the court took into consideration some of the very factors that you're just alluding to. How should that affect how we analyze whether there was clear error here, for example? How should that affect? Yes. Well, the court gave her the reduction because she had passed the safety valve and also because of her mitigating circumstances. But this was still legal error because the court, there probably would have been a significant variance had the court given her the minor role reduction and taken into account the extensive mitigation that the defense presented. And, you know, I just want to bring back to what happened earlier with the government that when they stated that the court would not have erred if it had granted the minor role reduction. And, you know, that brings us back to the legal error that we see in this case, which is that the district court did not conduct the proper analysis required because had this been done, the court either would have agreed with the pre-sentence report and given the reduction or perhaps even given a further reduction. But ultimately, had the court conducted the proper comparative analysis, it's evident that Ms. Robles would have been the minor participant in this offense because, again, at each point in the offense, she is somebody who received instructions, was told what to do, and had no outside knowledge of the organization of the planning other than doing what she was told to do. And for this reason, we strongly believe that had the court conducted the proper legal analysis that's required, then the court would have determined that she was the minor participant. Counsel, can I just ask you one last question? Yes, of course. The participant who is not Crespo or Roman Sanchez, so not the person who maybe Crespo is the person that drives her, that other organizer, let's just call him. Can you just remind me, what does the record show about that person and his role? What facts do we know? Yes, so this is not her former co-worker. However, this was the other. We placed her as a recruiter and organizer because she obtained Ms. Robles' personal details, and she was the person who made the travel arrangements. And she and the custodian transporter were the people in the group chat. So we see her as the organizer. But that's also why the district court perhaps referred to two recruiters, as the government mentions. That might be it, yes. Thanks. Thank you. Thank you, Your Honors. Thank you, Counsel. That concludes arguments in this case.